UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| JUAN CARLOS LOPEZ ) | Case No. 08-14625-SSM |
| CECILIA PATRICIA LOPEZ ) | Chapter 7 |
| ) | |
| Debtors ) | |

**MEMORANDUM OPINION AND ORDER
SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS**

A hearing was held on November 4, 2008, on the objection of Gordon P. Peyton, chapter 7 trustee, to the debtors' claimed exemption of a 2005 Honda Odyssey motor vehicle. The debtors were present in person and were represented by their attorney of record. Because the court agrees with the trustee that the Virginia Poor Debtor's exemption allows only $2,000 of the value of the vehicle to be exempted, the court will sustain the trustee's objection.

Background

The debtors, Juan Carlos Lopez and Cecilia Patricia Lopez are husband and wife. They filed a voluntary petition in this court on August 1, 2008, for relief under chapter 7 of the Bankruptcy Code and have not yet received a discharge. Gordon P. Peyton was appointed and is serving as trustee. On their schedules of liabilities, the debtors list $76,867 in unsecured debt, a good portion of it medical-related. On their schedule of assets, they list, among other property, a 2005 Honda Odyssey motor vehicle valued at $12,750. On their schedule of exempt property (Schedule C), they claim the full value of the Odyssey exempt under § 34-26(8) of the Code of Virginia (1950). Following the meeting of creditors, the trustee filed the objection that is

1

presently before the court asserting that the cited Virginia statute exempts only $2,000 of the equity in a motor vehicle.[1]  The debtors, through their attorney, filed a response that does not take issue with the trustee's legal position but nevertheless urges the court to allow the exemption "in the interest of justice."  Specifically, they state that the vehicle is their sole means of transportation for their family of four minor children; that it enables them to perform a valuable function in their community by transporting to soccer tournaments kids who may be at risk and who may otherwise be prone to engage in street gang criminal activities that are rampant in their county; and that it is used to transport their nine year old daughter, together with other girls, to ballet recitals and other extracurricular activities and their two year old toddler to and from daycare.  The response further states that the debtor are unable to finance a replacement vehicle, as their credit is nonexistent for the foreseeable future.

## Discussion

Chapter 7 allows an individual who is overwhelmed by debt to obtain a "fresh start" in the form of a discharge of most types of debt by surrendering for distribution his or her non-exempt property.  *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct 695, 699, 78 L.Ed 1230 (1934) (explaining that bankruptcy "gives to the honest but unfortunate debtor who surrenders for distribution the property which he owns at the time of bankruptcy, a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.").  As an aid to the debtor's fresh start, the debtor is allowed to keep certain property.  § 522(b), Bankruptcy Code.  The property that may be claimed exempt consists either of the

---

[1] The objection states—and the debtors do not deny—that the vehicle is titled solely in Ms. Lopez's name.

exemptions under applicable state law,[2] or, unless the state has "opted out," the exemptions provided by § 522(d) of the Bankruptcy Code. § 522(b)(1), Bankruptcy Code. Virginia has opted out of the federal exemptions. Va. Code Ann. § 34-3.1. Accordingly, debtors whose applicable residence is Virginia are limited to the exemptions provided by Virginia law and by non-bankruptcy federal law.

The exemptions provided by Virginia are for the most part set forth in Title 34 of the Code of Virginia. Among these are the Virginia poor debtor's exemption, § 34-26, Code of Virginia. The poor debtor's exemption exempts from levy or other forms of creditor process certain enumerated assets, some of them limited by value, others not. Relevant to the present controversy, an individual may exempt:

> A motor vehicle, not held as exempt under subdivision 7 [as a tool of the trade], owned by the householder, *not to exceed $2,000 in value*, except that a perfected security interest on the motor vehicle shall have priority over the claim of exemption under this subdivision.

§ 34-26(8), Code of Virginia (emphasis added).[3]

At the hearing, debtor's counsel eloquently urged the court to use its equitable powers to enlarge the statutory exemption on the ground that allowing only a $2,000 exemption would

---

[2] The applicable state law depends on the length and timing of the debtor's residence. If the debtor has lived for at least 730 days in one state at the time the petition is filed, that state's exemptions (and opt-out policy) control. If the debtor has lived less than 730 days in one state at the time the petition is filed, the applicable exemptions (and opt-out policy) are those of the state in which the debtor lived for the greater portion of the 180-day period *preceding* the 730-day period. If application of this rule would result in the debtor having no exemptions, the debtor may claim the exemptions in § 522(d).

[3] Even if the debtors could claim the federal exemptions, they would not be substantially better off, since the federal motor vehicle exemption is limited to $3,225. § 522(d)(2), Bankruptcy Code.

preclude the debtors from obtaining an effective fresh start.[4]  Although it has often been said that a bankruptcy court is a court of equity,[5] the court's equity powers are not a free-wheeling commission to do justice but must be exercised within the contours of the Bankruptcy Code.  Put another way, this court has no power to allow an exemption in excess of the amount specified by the Virginia General Assembly even if the statutory exemption is not sufficient to enable these particular debtors to retain a motor vehicle they need and are not in a financial position to replace.

At the hearing, the debtors requested that, if they could not exempt the full value of the vehicle, they be allowed to keep the vehicle by paying the trustee the non-exempt value.  Certainly, if the debtors are in a position to pay the trustee what he would realize for creditors after paying costs of sale and paying the debtors their exemption, the court is confident the trustee would be happy to accept their offer.  A chapter 7 trustee, however, is under a statutory duty to "collect and reduce to money the property of the estate . . . and close such estate *as expeditiously as is compatible* with the best interests of parties in interest."  § 704(a)(1), Bankruptcy Code (emphasis added).  This duty of expedition will normally preclude a trustee

---

[4]  Often, debtors claiming the Virginia exemptions will use their homestead exemption to protect the equity in a motor vehicle above the $2,000 protected by § 34-26(8).  *See* §§ 34-4 and 34-13, Code of Virginia (allowing resident of Virginia to exempt up to $5,000 of real or personal property).  In this case, however, the debtors appear to have exhausted their homestead exemption protecting two bank accounts and certain other assets.

[5]  *See Local Loan Co. v. Hunt*, 292 U.S. 234, 240, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934) ("[C]ourts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity."); *Pepper v Litton*, 308 U.S. 295, 304-5, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939) (stating that a bankruptcy court "applies the principles and rules of equity jurisprudence in the exercise of the jurisdiction conferred upon it ... to the end that fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done.").

from accepting payments over an extended period of time, which is apparently what the debtors have in mind. If, however, the debtors are able (perhaps by borrowing from family members) to pay the trustee in a lump sum or over two or three months, the court has little doubt that the trustee will be favorably disposed to consider their offer.

## O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The trustee's objection is sustained, and the claimed exemption of the 2005 Honda Odyssey is disallowed as to any value in excess of $2,000.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge

Copies to:

Juan Carlos Lopez
Cecilia Patricia Lopez
7673 Vinewood Ct.
Gainesville, VA 20155
Debtors

William Alfredo Odio, Esquire
William A. Odio, P.C.
4085 Chain Bridge Rd., Suite 501
Fairfax, VA 22030-4106
Counsel for the debtors

Gordon P. Peyton, Esquire
Redmon, Peyton & Braswell
510 King Street, Suite 301
Alexandria, VA  22314
Chapter 7 trustee